IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NOELIA SOLIVAN                          :
           Plaintiff     :
                         :
   v.                                   :   3: CV-07-0845
                         :   (JUDGE VANASKIE)
VALLEY HOUSING DEVELOPMENT,              :
GEORGE E. RAAD                          :
           Defendants    :

ORDER

June 11, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      Plaintiff Noelia Solivan filed this action alleging that she was the victim of unlawful discrimination in housing accommodations on account of her medical condition. (See Compl., Dkt. Entry 1, at 1.) In 2002, Ms. Solivan was a tenant in a housing complex ("Housing Complex") located in Allentown, Pennsylvania, managed by Defendant Valley Housing Development Corporation ("Valley"). Plaintiff requested of Valley that she be moved from her third-floor apartment to a first-floor apartment on account of her medical condition, which causes her to fatigue extremely quickly. (Id. ¶¶ 17, 21.) Valley refused and Ms. Solivan subsequently suffered a fall in the Housing Complex stairwell that ultimately resulted in an above-knee amputation of her left leg. (Id. ¶¶ 25, 28, 39.) She now asserts claims under the Fair Housing Act, Rehabilitation Act, Americans With Disabilities Act, and Civil Rights Act of 1871. She also asserts a state law negligence claim

against Co-Defendant George E. Raad, who through his business, United Raad and Balliet Investments ("United Raad"), is the owner and lessor of the Housing Complex that Valley manages.[1]  Significantly, Plaintiff resided in the Middle District at the time she filed her complaint, but she resided in the Eastern District at the time of all events giving rise to this action.

Valley contests venue in this Court.  The Housing Complex where all relevant events occurred is located at 212 North 6th St., Allentown, Pennsylvania, which is situated in the Eastern District of Pennsylvania.  (See Compl. ¶ 10.)  Valley's principal place of business is located in Northampton, Pennsylvania, and George Raad is alleged to be a resident of Allentown.  Additionally, Valley contends that none of the expected witnesses, except Plaintiff, resides in the Middle District of Pennsylvania.  (Id.)  Finally, Valley contends that the majority of the expected witnesses and documents are located in the Eastern District at the offices of either Valley, United Raad, or Sacred Heart Hospital ("SHH"), at which Plaintiff was treated following her fall.  (Id.)  In sum, Valley asserts that the only connection this lawsuit bears to the Middle District is Plaintiff's recent move to Scranton, Pennsylvania.  (Mem. Law Supp. Defs.' Mot., at 1.)

Plaintiff argues that the venue provision found in 28 U.S.C. § 1391(e) governs this

---

[1] This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

2

matter. Section 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action[.]

The predicate for laying venue under section 1391(e) is a defendant who is an officer or employee of the United States or an agency thereof. Significantly, however, the Complaint contains no allegation from which it may be inferred that Valley is an agency of the United States or that Defendant Raad is an officer or employee of any agency of the United States. Furthermore, Plaintiff's brief in opposition to the motion challenging venue ignores the threshold question of whether any Defendant is an agency, officer or employee of the federal government. Instead, Plaintiff focuses exclusively on the forum non conveniens issues.

The Complaint alleges that Valley is a non-profit corporation created by and affiliated with the Lehigh County Housing Authority, which was organized under the Housing Authorities Law of Pennsylvania. (See Compl., ¶ 2, 8.) Plaintiff further alleges that Valley receives federal funding through the Lehigh County Housing Authority in order to provide affordable housing for low to moderate income persons. These allegations do not support an inference that Valley is an agency of the federal government.

The Third Circuit has provided guidance for the determination of whether a housing authority created under state law qualifies as an agent of the federal government. See Staten v. Housing Authority of the City of Pittsburgh, 638 F.2d 599 (3d. Cir. 1980) (holding that a housing authority created under Pennsylvania state law and receiving federal funding was not an agent of the Department of Housing and Urban Development); City of Philadelphia v. Lead Indus. Ass'n, Inc., 994 F.2d 112 (3d. Cir. 1993) (holding that Philadelphia Housing Authority, created under the Pennsylvania Housing Authority Law, was an agency of the Commonwealth of Pennsylvania, not the federal government). Although the Staten and Lead Industries courts were not examining an authority's juridical status for purposes of § 1391(e)(3), as is the case here, their rationale compels the conclusion that Valley, a creature of a housing authority, is neither an agency of the United States nor an agent of such an agency.  The Staten court explained that "funding alone does not establish an agency relationship between the Housing Authority and the federal government." 638 F.2d at 603.  Although funding may be one indication of whether an authority is an extension of the United States, it is not determinative.  (Id.)  Courts must also consider the authority's freedom from federal involvement or control over its daily management and operation, as well as whether the authority was created by and continues to be governed in accordance with state law.  (Id.)  Valley's creation and organization under Pennsylvania law and the absence of allegations of federal control over its daily operations

precludes a finding that it as an agency or agent of the United States.  As a creature of state law and affiliated with a particular entity – the Lehigh County Housing Authority – that our Court of Appeals has recognized to be an agency of the Commonwealth, and not the federal government, it follows that Valley cannot be shown to be a federal agency or agent of HUD.  Consequently, § 1391(e) is not applicable here.

Venue over Plaintiff's claim is more appropriately governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The defendant has the burden of proving that venue is improper. Gen. Motors Corp. v. Schneider Logistics, Inc., Civ. A. No 06-2195, 2006 WL 2987785, at *2 (E.D. Pa. Oct. 17, 2006) (citing Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d. Cir. 1982)).  If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Regarding § 1391(b), Valley argues that venue in the Middle District is improper because both Defendants' principal places of business are located in the Eastern District

5

and all the events giving rise to Plaintiff's claim occurred in the Eastern District. (Mem. Law Supp. Defs.' Mot., at 1-2.) Plaintiff counters that venue is proper in the Middle District because Defendants have failed to meet the heavy burden necessary to override Plaintiff's choice of venue. (Mem. Law Opp'n Defs.' Mot., Dkt. Entry 16, at 2.) Plaintiff cites Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d. Cir. 1970), for the proposition that a plaintiff's choice of forum should only be disturbed when the balance of factors *strongly* favors the defendant. Plaintiff also cites Culbertson v. Ford Motor Co., 531 F.Supp. 406, 407 (E.D. Pa. 1982), for the proposition that even where the underlying facts of a case did not occur in plaintiff's selected forum, plaintiff's choice nevertheless weighs "heavily" in plaintiff's favor.

Although Plaintiff emphasizes the deference to which a plaintiff's chosen forum is typically entitled, no such deference is due in this matter because venue simply does not exist in the Middle District. None of § 1391(b)'s three provisions is satisfied here. Section 1391(b)(1) does not apply because, although both Defendants reside in Pennsylvania, neither Defendant resides in the Middle District.[2] Section 1391(b)(2) does not apply

---

[2] 28 U.S.C. § 1391(c) defines a corporation's residence for the purpose of § 1391(b)(1). Section § 1391(c), in relevant part, provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that

because it is undisputed that all of the events giving rise to Plaintiff's claim occurred in the Eastern District.  Finally, § 1391(b)(3) does not apply because this action could have been brought originally in the Eastern District under either § 1391(b)(1) or § 1391(b)(2).

The applicable transfer statute is § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Since it is clear that this action could have been brought originally in the Eastern District, this Court will transfer the action to that Court in the interests of justice, rather than dismiss the matter.[3]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel discovery (Dkt. Entry 19) is DISMISSED.

2. The challenge to venue is SUSTAINED.

---

> State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(c).  There is no evidence that Valley would be subject to personal jurisdiction in the Middle District.  Valley's principal place of business is in Northampton, Pennsylvania.  (See Compl., ¶ 3.) Furthermore, nothing in the record suggests that Valley has sufficient contacts with the Middle District such that it would be amenable to personal jurisdiction here.

[3]Plaintiff has filed a motion to compel discovery, but failed to file a supporting memorandum of law as required by Local Rule of Court 7.5, which provides that failure to submit a supporting brief within ten days of the filing of the motion will mean that the motions is deemed withdrawn.  Consequently, the discovery motion will be dismissed.

    3.  This matter shall be transferred to the United States District Court for the Eastern District of Pennsylvania.

    4.  The Clerk of Court shall forward a copy of the docket sheet and all filings to the United States District Court for the Eastern District of Pennsylvania.

    5.  The Clerk of Court is directed to mark this action in this Court CLOSED.


                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge